IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                     )<br>          Plaintiff,            )<br>                                     )<br>     vs.                           )<br>                                     )<br>RICHARD L. DOBESH,     )<br>                                     )<br>          Defendant.          ) | Case No. 8:11CR42<br><br>ORDER |

This case is before the court on the defendant's Motion for Disclosure of Confidential Informant (#13). The defendant is charged in Count I of an indictment (#1) with conspiracy to distribute 50 grams or more methamphetamine mix and Count II, possession with intent to distribute 5 grams or more actual methamphetamine.

The defendant moves to compel the disclosure of a confidential informant ("CI") whose information to law enforcement resulted in a search warrant and probable cause for the arrest of the defendant. The defendant alleges that the disclosure of the confidential informant is necessary and relevant in the preparation of his defense as the confidential informant is a percipient witness.

The government counters that the information from the confidential informant was a result of a prior visit by the confidential informant to the address that was later the subject of a search warrant. The government also notes they do not intend to call the CI as a witness against the defendant, further alleging that the identity of the CI is insignificant as the CI is a mere tipster and not a participant in the crimes charged.

## THE LAW

The seminal case dealing with the disclosure of confidential informants is *Roviaro v. United States*, 353 U.S. 53 (1957), where the Supreme Court recognized the government's privilege to withhold the disclosure of the identity of a confidential informant. In *Roviaro,* the court declined to adopt a fixed rule for determining when disclosure was required. Instead, it adopted a balancing test which includes weighing the considerations of public interests in protecting the flow of information, against the individual's right to prepare his defense. *Roviaro* also requires the consideration of factors, including the crime charged,

possible defenses, possible significance of the informant's testimony, and other relative factors.

The threshold issue is whether the informant is a material witness. Disclosure of a confidential informant is not mandated, "unless it is vital to a fair trial." *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Morris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). However, if the informant acts as a mere "tipster," i.e., a person who merely conveys information but does not witness or participate in the offense, "disclosure is not required." *Bourbon*, 819 F.2d at 860. "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991), *United States v. Hollis,* 245 F.3d 677 (8th Cir. 2001).

After applying the law to the facts of this case, I find the defendant has not established beyond mere speculation, given the CI's involvement as a witness or participation in the crime charged, that disclosure is material to the determination of the case. I find the government does not have a legal obligation under the facts of this case, to reveal the identity of the confidential informant. Therefore,

**IT IS ORDERED:**

1. The Defendant's Motion for Disclosure of Confidential Informant (#13) is denied.

2. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 5th day of April 2011.

BY THE COURT:

S/ F. A. Gossett, III
United States Magistrate Judge