IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR42 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| RICHARD L. DOBESH, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 34) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 15) filed by the Defendant, Richard L. Dobesh, be denied. Dobesh filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 38, 39) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The government filed a brief response. (Filing No. 40.)

Dobesh is charged in a two-count Indictment with conspiracy to distribute and possess with intent to distribute methamphetamine (Count I) and possession of methamphetamine with intent to distribute (Count II). There is also a forfeiture allegation. He seeks to suppress two statements that were made on January 17 and 20, 2011.

Following an evidentiary hearing, Judge Gossett issued oral Findings and Recommendation. Judge Gossett concluded: probable cause existed for Dobesh's arrest; the search of the pickup truck was lawful, noting that the truck was included in the search warrant; and both statements were freely, voluntarily, and intelligently made. Judge Gossett therefore recommends that the motion to suppress be denied.

### STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected.

The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided an account of the events surrounding the arrest and statements.  The Court has considered the transcript of the hearing conducted by Judge Gossett and carefully viewed the evidence.  There are no objections to Judge Gossett's factual findings, and based on a de novo review of the record the Court adopts those findings.

Briefly, a confidential informant ("CI"), who had previously worked with the Fremont Police Department and was found to be reliable, made five controlled buys from Dobesh at his residence.  On more than one occasion the CI wore a wire, monitored by Fremont Police Officer Velasquez.  Information told to law enforcement officers was consistent with the activity heard via the wire.  The CI told officers that Dobesh drove a blue 1974 pickup truck, and a check of the vehicle showed it was registered to Dobesh.  Officers checked Dobesh's criminal history and found a prior offense for carrying a concealed weapon and multiple recent previous drug arrests.  A search warrant was obtained on January 13, 2011, for the residence, garage, pickup truck,  a Mercedes Benz also registered to Dobesh, and a Chevy Aveo.

The warrant was executed on January 17, 2011.  Officers knew that pit bulls and a small child were in the residence, as well as other individuals from whom controlled buys had been made.  Therefore, officers decided to stop Dobesh once he left the residence.  Officers conducted surveillance, and saw the pickup leave the residence and return.  The

driver was identified as Dobesh, and the pickup was identified as Dobesh's pickup listed in the search warrant. Dobesh was stopped, arrested, and transported to the police department. Once Dobesh was stopped, officers arrested two other individuals at the residence and executed the search warrant at the residence. Once the house was secured, Officer Velasquez went to the police station where Dobesh had been held for less than an hour and administered Dobesh his *Miranda* rights. Officer Velasquez wore a dark baklava to cover his face. Dobesh gave an incriminating statement. During the interview, officers found incriminating evidence at the residence. Officer Velasquez first learned of that evidence after his interview with Dobesh. Dobesh was handcuffed during the entire time he was in the interview room; he complained that the room was hot; he was given drinking water; and his handcuffs were loosened. The pickup truck was seized and searched. On January 20, 2011, Officer Velasquez again interviewed Dobesh at the police station after advising him of his rights. Again, Officer Velasquez wore a dark baklava and Dobesh was handcuffed.

## ANALYSIS

Dobesh objects to the following portions of Judge Gossett's findings of fact and conclusions of law: 1) probable cause existed for Dobesh's arrest; 2) Dobesh's two statements were freely, voluntarily and intelligently given; and 3) the statements were not tainted by an illegal arrest. Also, Dobesh objects to Judge Gossett's "refusal to order the government to disclose the identity of its confidential informant and the magistrate judge's ruling pr[e]cluding the defense from asking the witnesses questions about the confidential informant's reliability and criminal history." (Filing No. 38, at 2.)

**Probable Cause**

3

"Probable cause to make a warrantless arrest exists when, considering all the circumstances, police have trustworthy information that would lead a prudent person to believe that the suspect has committed or is committing a crime." *United States v. Parish,* 606 F.3d 480, 486 (8th Cir.), *cert. denied,* 131 S. Ct. 580 (2010). Officers have "substantial latitude" in making the probable cause determination. *United States v. Henderson,* 613 F.3d 1177, 1181 (8th Cir.2010), *cert. denied,* 131 S. Ct. 2151 (2011).

In this case, numerous controlled buys, at least some of which were monitored by law enforcement, were made from Dobesh at his residence by a CI known to the Fremont Police Department as a formerly used and reliable CI. Dobesh had a criminal history of one weapon and a "history" of recent drug arrests. The CI identified Dobesh's pickup truck, and this information was corroborated by officers. Officers surveilled the residence, saw Dobesh leave in his pickup truck, and they stopped him and arrested him. A search warrant had been obtained for the residence, the pickup truck, the garage, and two other vehicles.

Certainly, the information known to officers provided ample probable cause for Dobesh's arrest. Dobesh compares his case to the situation presented in *United States v. Reinholz,* 245 F.3d 765 (8th Cir. 2001), in which the Eighth Circuit considered Reinholz's arrest at his workplace based on his occupancy at his girlfriend's residence some distance away, while the residence was being searched. The court concluded that Reinholz's arrest violated the Fourth Amendment. *Id.* at 777-78. The court considered the following:

> [P]olice officers did not have probable cause to arrest Reinholz because the arresting officers did not personally know or have reliable information to warrant a belief that Reinholz committed a crime. Reinholz did not have a drug record, police did not observe him engaged in any illegal activity, there was no corroborating independent police investigation, and surveillance failed

4

> to reveal any criminal activity connected to the visitors of [his girlfriend's] house. Police had been reliably informed that Reinholz legally purchased iodine crystals and their trash search revealed drug paraphernalia. That information does not provide sufficient facts to warrant a belief that Reinholz committed a drug offense.

*Id.* at 778.

Clearly, the facts of *Reinholz* are different from those in Dobesh's case. This case is much closer to the situation in *United States v. Sherrill,* 27 F.3d 344 (8th Cir. 1994). In *Sherrill,* officers executing a search warrant saw Sherrill leave the residence in his car, and they stopped and detained him one block from the residence. The Eighth Circuit held that probable cause existed because independent police investigation corroborated information from a reliable confidential informant that Sherrill was dealing crack from his house and surveillance detected an unusual amount of pedestrian traffic consistent with drug dealing. *Id.* at 347.

In summary, considering all of the circumstances, officers had ample information that Dobesh had committed a crime. The probable cause standard was satisfied, and therefore Dobesh's arrest was lawful.

**Statements - Voluntariness**

A suspect both in custody and under interrogation is afforded the protection of the rights set forth in *Miranda v. Arizona,* 384 U.S. 436 (1966). A subject is deemed in custody, requiring compliance with *Miranda* when the suspect is formally arrested and not free to leave a location or when "a reasonable person in the suspect's position would have considered his freedom restrained in a degree that is usually associated with a formal arrest." *United States v. Caldwell,* 954 F.2d 496, 499 (8th Cir. 1992).

5

Custodial interrogations, by nature, generate "compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Miranda*, 384 U.S. at 467. To combat this natural pressure, *Miranda* demands that persons in custodial interrogation be advised of their right to remain silent and to have counsel present. *Id.* at 468-70. Although a defendant may waive these rights, the government is held to a high level of proof that a waiver has been effectuated. Specifically, the government must prove that, taking into account the background, experience, and conduct of the defendant, the waiver was "the product of a free and deliberate choice rather than intimidation, coercion, or deception" and was made with "a full awareness of both the nature of the right being abandoned and the consequences surrounding the interrogation." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). The test has been explained by the Eighth Circuit as whether a defendant's "will was overborne and his capacity for self-determination critically impaired." *United States v. Kilgore,* 58 F.3d 350, 353 (8th Cir. 1995). In deciding voluntariness, courts are required to view the totality of the circumstances and consider both the conduct of law enforcement officers and the suspect's capacity to resist pressure. *Id.*

18 U.S.C. § 3501(a) provides that a confession is admissible in evidence only if it was voluntarily given. Section 3501(b) provides:

> The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including: (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment; (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession; (3) whether or not such defendant was advised or knew that he was not required to make any statement and that such statement can be used against him; (4) whether or not such defendant had been advised prior

6

> to questioning of his right to assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b).

In determining whether a confession is voluntary, the Court should consider all circumstances, including the factors specifically listed in 18 U.S.C. § 3501(b). *United States v. Vanover,* 630 F.3d 1108, 1115 (8th Cir.2011). In viewing the totality of the circumstances, the Court must consider both the conduct of law enforcement officers and the suspect's capacity to resist pressure. *Rhode Island v. Innis,* 446 U.S. 291, 301 (1980)*; Kilgore,* 58 F.3d at 353. The totality of the circumstances is determined by the "characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte,* 412 U.S. 218, 226 (1973).

In Dobesh's case, under the totality of the circumstances, the Court finds that Dobesh's statements were knowingly, voluntarily, and intelligently made. Dobesh was properly given his *Miranda* rights and signed a *Miranda* waiver before each interview. Dobesh thought the temperature in the room was warm, and he was told the temperature could not be lowered. He was given water to drink. He was handcuffed throughout, which was unusual; however, the cuffs were loosened. There were no threats or promises made. There was no coercion. The voices of Dobesh and Officer Velasquez were so soft throughout the interviews that it was often difficult to understand the words when watching the DVDs. Dobesh knew the nature of the potential charges, and he was no stranger to the criminal justice system.

In summary, a careful de novo review shows that Dobesh's statements were knowingly, voluntarily and intelligently made.

**Statements - Taint**

Because Dobesh's arrest was lawful, his statements were not tainted by an unlawful arrest.

**Confidential Informant**

Dobesh has already fully litigated the issue of the CI. Specifically, Judge Gossett heard and denied his motion to require the government to reveal the CI's identity. Judge Gossett's order was affirmed by the undersigned on appeal because Dobesh's counsel failed to complete the record for the review. This issue has been decided, and the Court declines to revisit it through the guise of an objection to the motion to suppress.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 34) is adopted in its entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 38) are overruled;

3. The Clerk is directed to term the response of the government (Filing No. 40) filed as a motion; and

3. The Defendant's motion to suppress (Filing No. 15 ) is denied.

DATED this 14th day of July, 2011.

                                                  BY THE COURT:

                                                  s/Laurie Smith Camp
                                                  United States District Judge