IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR42 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| RICHARD L. DOBESH, | ) ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections (Filing No. 51) thereto. The government adopted the PSR (Filing No. 50). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the separate counting of prior convictions in ¶¶ 31 and 32.

The first offense was committed on January 7, 2007. The Defendant was arrested for the offense on March 14, 2007. (PSR, ¶ 32.) The second offense was committed on January 27, 2007, the same day of the arrest for that offense. (PSR, ¶ 31.) Sentencing for both offenses was on May 7, 2007. In other words:

| | | |
|---|---|---|
| 1-7-07 | - | 1st offense committed |
| 1-27-07 | - | 2nd offense committed; arrest for 2nd offense |
| 3-14-07 | - | arrested for 1st offense |
| 5-7-07 | - | sentenced for both offenses. |

U.S.S.G. § 4A1.2(a)(2) provides, in relevant part:

Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second

offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

The Defendant argues that he was not arrested for the first offense before committing the second offense, both offenses were "complete" before the first arrest on January 27, 2007, and therefore there was no intervening arrest. The Defendant then argues that because sentencing was on the same day for both offenses, they should be counted as one.

The Eighth Circuit has considered the language of § 4A1.2(a)(2) regarding an "intervening" arrest as a reference to "separate" arrests. *United States v. Aguilera,* 48 F.3d 327, 330 (8th Cir. 1995) (stating "[t]he arrests were separate and the offenses were correctly given separate weight"). Therefore,

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's objections (Filing No. 51) to ¶¶ 31 and 32 of the PSR are denied;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 28th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge